UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

PIERRE M. KAMTCHI,

Plaintiff,

-against-

A & E REAL ESTATE HOLDINGS LLC,

Defendant.

------------------------------------x

**MEMORANDUM & ORDER**
26-CV-810 (EK)(LKE)

ERIC KOMITEE, United States District Judge:

Plaintiff Pierre Kamtchi filed this action against his landlord in March. Proceeding *pro se*, he invokes the Court's federal question jurisdiction. *See* Compl. 4, ECF No. 1. Kamtchi also moves to proceed *in forma pauperis*, invoking the fact that he was incarcerated until February 25 and is "literally broke." *IFP* Mot. 1, ECF No. 2. For the reasons that follow, Kamtchi is granted *IFP* status, but his complaint is dismissed for lack of subject matter jurisdiction.

## I. Background

The Court draws the following facts from the complaint and presumes their truth for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[1]

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Kamtchi brings this action against his landlord, alleging only (1) "violation of a tenant right[s]" and (2) "unlawful breaking inside the tenant apartment without following the proper litigation." Compl. 4. He seeks $2,000,000 in monetary damages. *Id.* at 5,6.

## II. Legal Standard

A *pro se* complaint should be liberally construed. *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). Still, an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). A district court will dismiss an *in forma pauperis* action if it concludes that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## III. Discussion

In general, federal courts have jurisdiction over two categories of cases: cases that "arise under federal law, [28 U.S.C.] § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, [28 U.S.C.] § 1332(a). These jurisdictional grants are known as federal-question jurisdiction and diversity jurisdiction, respectively." *Home Depot U. S. A., Inc. v.*

*Jackson*, 587 U.S. 435, 437-38 (2019). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Here, Kamtchi invokes the Court's federal question jurisdiction. *See* Compl. 4. Federal question jurisdiction exists if a plaintiff's cause of action is based on a violation of federal law or — in a relatively narrow category of exception — his "well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). But Kamtchi does not allege any federal cause of action, nor does he set forth facts that suggest resolution of his claims would depend on a substantial question of federal law. Indeed, as courts have repeatedly recognized, "federal courts, unlike state courts, have no jurisdiction over landlord-tenant matters." *Cain v. Rambert*, No. 13-CV-5807, 2014 WL 2440596, at *3 (E.D.N.Y. May 30, 2014) (collecting cases); *see also Willis v. Ogunjana*, No. 25-CV-3150, 2025 WL 2977830, at *2 (E.D.N.Y. Oct. 22, 2025) ("[A]ny claim related to the landlord-tenant

relationship is fundamentally a matter of state law.") (collecting cases).[2]

Accordingly, Kamtchi's claims must be dismissed for lack of subject matter jurisdiction.

**IV. Conclusion**

For the foregoing reasons, Kamtchi is granted *in forma pauperis* status, but his case is dismissed.[3] Kamtchi may, within thirty days of this order, file an amended complaint that corrects the deficiencies with his claims identified herein. He is further advised that any amended complaint will completely replace the original complaint, that it must be captioned "Amended Complaint," and that it must bear the same docket number as this order: 26-CV-810(EK)(LKE).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438,

---

[2] Kamtchi has also not established diversity jurisdiction under 28 U.S.C. § 1332 because he has not alleged diversity of citizenship. He alleges that A&E Real Estate's principal place of business is New York. Compl. 5. But he does not allege his own citizenship at all, noting only that he is a *resident* of New York. *Id.* at 2.

[3] Although the Second Circuit has not directly addressed the question, the Third Circuit has held that "a court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an *IFP* application in either order or even simultaneously" — an approach which it says "aligns [it] with [its] sister Courts of Appeal." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff and to note the mailing on the docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 29, 2026
Brooklyn, New York